# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID ROSS, on behalf of himself and all others similarly situated,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : <br> : **Case No.:** 2:21-cv-1754 |
| **v.** | : <br> : |
| **CIFERNO CEMENT CONTRACTING, LLC, and JOHN CIFERNO,** *both jointly and severally*, | : <br> : **COMPLAINT IN CIVIL ACTION** <br> : <br> : |
| **Defendants.** | |

Filed on Behalf of Plaintiff:
David Ross

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:   (412) 540-3399
E-mail:   jward@jpward.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROSS, on behalf of himself and all others similarly situated, | : <br> : <br> : |
| **Plaintiff,** | : <br> : <br> : **Case No.:** |
| v. | : <br> : <br> : |
| CIFERNO CEMENT CONTRACTING, LLC, and JOHN CIFERNO, *both jointly and severally*, | : <br> : <br> : |
| **Defendants.** | |

### CLASS ACTION COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, David Ross, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action against Defendants, Ciferno Cement Contracting, LLC and John Ciferno, both jointly and severally, of which the following is a statement:

### PARTIES

1. Plaintiff, David Ross (hereinafter "Mr. Ross"), is an adult individual who currently resides at 300 Lang Street, Rostraver, Pennsylvania 15012.

2. Defendant, Ciferno Cement Contracting, LLC, (hereinafter "Ciferno Cement"), is a limited liability corporation with its principal place of business located at 236 Finley Road Belle Vernon, Pennsylvania 15012 and its headquarters located at 129 Jefferson Drive, Fayette City, Pennsylvania 15438.

3. Defendant, John Ciferno, (hereinafter, "Mr. Ciferno"), is a managing individual of Ciferno Cementing within the definitional purview of the FLSA.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (hereinafter "the FLSA"), the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §333.101, *et seq.* (hereinafter "the PMWA"), and the Wage Payment and Collection Law, (hereinafter "WPCL"), 43 P.S. §260.1 et seq.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS OF FACT

### A. Failure to Pay Minimum Wage

7.     Plaintiff was a Driver for Ciferno Cement.

8.     At the outset of Plaintiff's employment, Defendants compensated all drivers for a minimum of 20 minutes of pre-trip load and post-trip inspection times in compliance with Department of Transportation ("DOT") regulations.

9.     All inspection times were logged by drivers to ensure compliance with DOT regulations.

10.    Upon information and belief, Defendants employed approximately 14 drivers on the day shift and 9 drivers on the night shift.

11.    On or about January of 2021, Defendants unilaterally began to amend Plaintiff's paychecks to reflect only 5 minutes for pre-trip load and post-trip inspection times.

12. Plaintiff was never formally notified of the change in payment and only gained knowledge of the dock in pay upon receiving his paychecks.

13. Thereafter, Drivers notified Mr. Ciferno within the employer's GroupMe text application of the unlawful change in payment.

14. In response, Plaintiff and other Drivers were advised to stop filling out time logs concerning pre-trip load and post-trip inspections.

15. Upon information and belief, Defendants informed Plaintiff to halt the completion of pre-trip load and post-trip inspection time logs due to their knowledge of the violation of DOT regulations and the lack of payment for all hours worked.

16. As of the filing of this Complaint, Plaintiff has yet to be compensated for a minimum of 20 minutes for the pre-trip load and post-trip load inspection times.

## CLASS ALLEGATIONS

17. Plaintiff brings these claims on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendants failed to compensate for a minimum of 20 minutes of pre-inspection load and post-inspection time in violation of DOT regulations.

18. Excluded from the classes are Defendants, Ciferno Cement and Mr. Ciferno, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

19. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

20. Questions of law and fact common to the Plaintiff's class, predominate over any issues involving only individual class members. The primary issues concern: Defendants' failure to compensate Drivers for a minimum of 20 minutes of pre-load inspection and post-inspection time at a rate of at least minimum wage in violation 29 U.S.C. §201, *et seq*. of the FLSA, 43 Pa. Stat. Ann. §333.101, *et seq.* of the PMWA, and 43 P.S. §260.9 of the Wage Payment and Collection Law.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

22. **Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons where Defendants have failed to compensate for a minimum of 20 minutes of pre-load inspection and post-inspection time in violation of DOT regulations.

23. The identities of all class members are readily ascertainable from the records of Defendants.

24. **Commonality – Pennsylvania Rule of Civil Procedure 1702(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

    a. Whether Defendants' failed to compensate Drivers for a minimum of 20 minutes of pre-load inspection and post-inspection time and all hours worked in violation of 29 U.S.C. §201, *et seq*. of the FLSA, 43 Pa. Stat. Ann. §333.101, *et seq.* of the PMWA, and 43 P.S. §260.9 of the Wage Payment and Collection Law.

b. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

25. **Typicality – Pennsylvania Rule of Civil Procedure 1702(3).** The Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

26. **Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

27. **Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1).** Common questions of law and fact predominate over any questions affecting only individual class members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class.

28. **Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(1).** While the precise size of the class is unknown without the disclosure of Defendants' records, the claims of Plaintiff and the class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

29. **Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3).** If the claims of Plaintiff and the members of the Class were tried separately, Defendants may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class were tried individually, adjudications with respect to individual class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

30. **Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4).** To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

31. **The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5).** This is the most appropriate forum to concentrate the litigation because Defendants are subject to general jurisdiction in this County and a substantial number of class members were injured in this County.

32. **The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7).** Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is

unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer the loss of statutory protected rights as well as monetary damages.

33.     **The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2).** Defendants' uniform conduct is generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 206, *et seq.*

34.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

35.     Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207." *De Asencio v. Tyson Foods, Inc*., 342 F.3d 301, 306 (3d Cir. 2003).

36.     Plaintiff and the Class Members are "employees" as defined by 29 U.S.C. §203(e)(1) of the FLSA.

37.     Defendants are an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

38.     Defendants failed to compensate Plaintiff and the Class Members at a minimum wage rate for all hours worked for pre-trip load and post-trip inspections in violation of 29 U.S.C. §206(a)(1).

39.     Rather, Defendants merely compensated Plaintiff and the Class Members for 5 minutes of pre-trip load and post-trip inspection times in violation of DOT regulations.

8

40. Pursuant to the FLSA, once a plaintiff establishes a right to payment "of their… unpaid minimum wages," liquidated damages in an "additional equal amount" is warranted. 29 U.S.C. § 216(b).

41. Furthermore, the FLSA's liquidated damages provisions "is not penal in nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Andrews v. Cross Atlantic Capital Partners, Inc*., 158 A.3d 123, 134 (Pa. Super. 2017) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

42. As a direct and proximate result of the aforementioned conduct, Plaintiff and the Class Members suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE PENNSYLVANIA MINIMUM WAGE ACT

43. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

44. The PMWA states that "[e]very employer shall pay to each of his or her employees' wages for all hours worked at a rate of not less than . . . [s]even dollars fifteen cents ($7.15) an hour beginning July 1, 2007." 43 Pa. Stat. § 333.104(a) (8); see *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 612–13 (E.D.Pa. 2015).

45. Because the PMWA "substantially parallels" the FLSA, this Court should look to the federal courts' interpretation of the FLSA when analyzing claims under the PMWA. *Philadelphia Metal Trades Council v. Konnerud Consulting W*., A.S., No. CV 15-5621, 2016 WL 1086709, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Ford-Greene*, 106 F. Supp. 3d at 610–

13 (applying the Third Circuit's analysis in Davis to the plaintiff's claims under both the FLSA and PMWA).

46. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

47. Defendants merely compensated Plaintiff and the Class Members for 5 minutes of pre-trip load and post-trip inspection times in violation of DOT regulations.

48. Plaintiff and the Class Members have yet to be fully and properly compensated for all hours worked for pre-trip load and post-inspection times.

49. As a direct and proximate cause of the aforementioned conduct, Plaintiff and the Class Members suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

50. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

## COUNT III
## Pa. WPCL VIOLATIONS
## 43 P.S. §260.1 *et seq*

51. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

52. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2a.

53. The Pennsylvania WPCL, 43 P.S. §260.1 et seq., however, does not provide "a statutory definition of the term 'employee'." *Frank Burns, Inc. v. Interdigital Communs. Corp*, 704 A.2d 678, 680-81 (Pa Super. 1997).

54. Courts in Pennsylvania have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed," and "in the definition of employer, the entity employed by the employer, i.e., the employee, is any person in Pennsylvania." *Frank Burns v. Interdigital Communs. Corp*., at 681.

55. Pennsylvania courts have thus narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." Id. Citing *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995).

56. As a company conducting business and employing person(s) in the Commonwealth of Pennsylvania, Defendants are "an employer" within the definition of the WPCL 43 Pa. C.S. §260.1a.

57. Plaintiff and the Class Members, based on the law cited above, were employees of Defendants working within the Commonwealth of Pennsylvania.

58. On or about January of 2021, Defendants began to amend Plaintiff and the Class Members' paychecks to reflect only 5 minutes for pre-trip load and post-trip inspection times.

59. Rather than correct the unlawful compensation rate, Mr. Ciferno advised Plaintiff and the Class Members to stop filling out time logs regarding pre-trip load and post-trip inspections.

60. Upon information and belief, Defendants informed Plaintiff and the Class Members to halt the completion of pre-trip load and post-trip inspection time logs due to their knowledge of the violation of DOT regulations and the lack of payment for all hours worked.

61. As of the date of the filing of this Complaint, Plaintiff and the Class Members have yet to be compensated for all hours worked for pre-trip load inspection and post-inspection times worked.

62. As a direct and proximate result of the aforementioned conduct, Plaintiff and the Class Members suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

## COUNT IV
## BREACH OF CONTRACT
*(Pled in the Alternative)*

63. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

64. Plaintiff and the Class Members were entitled, as part of Defendants' employment contract and per DOL guidelines, to paid for a minimum of 20 minutes of pre- and post-load inspection times for all hours worked.

65. Defendants were bound by the duty of good faith and fair dealing. As such, Defendants had a duty to calculate and reimburse Plaintiff and the Class Members for all pre-inspection load and post-inspection hours worked in compliance with DOT regulations.

66. Defendants failed to ensure accuracy of Plaintiff and the Class Members' wage payment information thus depriving him of his earned benefit.

67. All conditions precedent to recovery have occurred.

68. As a direct result of this breach of contract, Plaintiff and the Class Members have suffered damages as set forth hereinabove.

## COUNT V
## QUASI-CONTRACT / UNJUST ENRICHMENT
*(Pled in the Alternative)*

69. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

70. Plaintiff and the Class Members had an expectation of payment from Defendants.

71. Plaintiff and the Class Members conferred a benefit upon Defendants.

72. Defendants appreciated the benefit of Plaintiff and the Class Members' time and efforts.

73. It would be manifestly unjust if the Defendants' acceptance and retention of such benefits were permitted without payment of value to Plaintiff and the Class Members.

74. As a direct and proximate cause of the aforementioned conduct, Plaintiff and the Class Members suffered actual damages, including, but not limited to, wage loss, loss of income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Ross, on his own behalf and on behalf of the class members, respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Ciferno Cement Contracting, LLC, and John Ciferno, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as a Class Representative and appointing the undersigned counsel as Class Counsel;

B. Pursuant to 29 U.S.C. § 216(b) sending prompt notice of this litigation to all potential Class members;

C. Judgment against Defendants for their failure to pay Plaintiff and those similarly situated for all hours worked for pre-trip load inspection and post-inspection times worked in accordance with the standards set forth by the FLSA;

D. Judgment against Defendants for their failure to pay Plaintiff and those similarly situated for all hours worked for pre-trip load inspection and post-inspection times worked in accordance with the standards set forth by the PMWA;

E. Judgment against Defendants for their failure to pay Plaintiff and those similarly situated for all hours worked for pre-trip load inspection and post-inspection times worked in accordance with the standards set forth by the WPCL;

F. An award against Defendants for the amount of unpaid wages owed to Plaintiff and those similarly situated;

G. An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

H. An award of treble damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

I. An award of reasonable attorney's fees and costs to Plaintiff and the other members of the class to be satisfied in full by Defendants;

J. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded;

K. Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

L. Ordering such other and further relief as may be just and proper by this Honorable Court.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury on all matters so triable.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: December 2, 2021                    By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206
Counsel for Plaintiff